Williams, J.,
 

 concurring. The writer concurs in the .judgment of reversal and remandment but as to certain phases of the case entertains views which should be expressed.
 

 Even though Celia Zimmerman were disqualified to take the appointment as one of two joint guardians, •she would on accepting and acting thereunder become ..a guardian
 
 de facto
 
 and liable to account during her .lifetime to the same extent as if appointed
 
 de jure.
 

 There is little authority as to accounting by a co-guardian who receives no assets but a fair amount .-as to accounting by a coexecutor or eoadministrator. We are of the opinion the rule would be the same.
 

 It is a generally recognized rule that a coexecutor or •coadministrator is not required to account for estate -assets which he never received, and over which he never exercised any control. Moreover, a receipt by a •coexecutor or coadministrator that he received funds -or assets is merely
 
 prima facie
 
 evidence. The truth -may be shown. On the other hand a coexecutor or co-
 
 *228
 
 administrator who receives no part of the assets of an estate may be liable to account for assets in the hands of his corepresentative by participation in the latter’s wrong or default which results in dissipation or waste of the assets.
 

 Upon these propositions authorities are collected in 34 Corpus Juris Secundum, pages 950 and 1325. See, also, 21 American Jurisprudence, pages 805 and 808, Sections 757 and 763; Woerner’s American Law of Administration (3 Ed.), vol. 2, page 1158, Section 348, and vol. 3, page 1834, Section 535.
 

 Contractual obligations arising out of a joint bond given by coexecutors or coadministrators might be such as to change their legal relations but no question in regard thereto is here.
 

 What has been said does not mean that a corepresentative who received no funds may not be brought into court for defaults which arise otherwise than out of the duty to account. Here we are concerned with the latter duty only.